IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGEL BURGESS,

        Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

CV 04-505-CO
FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

## INTRODUCTION

Plaintiff Angel Burgess brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title

II of the Social Security Act. The court has jurisdiction under 42 USC § 405(g). The Commissioner's decision should be affirmed.

## BACKGROUND

Plaintiff was previously awarded Title II benefits on December 20, 1996 with an onset date of December 23, 1991, based on dysthymia, somatization disorder, and borderline personality disorder. Tr. 284-287. On February 7, 2001, Plaintiff was notified that her benefits would be terminated, based on medical evidence, which indicated that her condition had improved and that she was no longer disabled as of January 1, 2001. Tr. 297-301. On March 27, 2002, a disability hearings officer denied Plaintiff's request for reconsideration of this decision. Tr. 311-323.

Plaintiff requested a hearing before an administrative law judge (ALJ), and the ALJ held a hearing on February 20, 2003. Plaintiff, represented by counsel, testified at the hearing, as did vocational expert Paul Morrison. Tr. 581-619.

On May 21, 2003, the ALJ issued a decision finding Plaintiff had experienced medical improvement and that she was not disabled within the meaning of the Social Security Act. Tr. 20-32. Plaintiff requested administrative review of the decision, but the Appeals Council declined review. Tr. 10-13.

Plaintiff was born on January 24, 1967. She alleges continuing disability since December 23, 1991, due to combined mental and physical impairments, including chronic severe depression, anxiety, anger control problems, conversion disorder, personality disorder, obesity, and subjective poor vision.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, a claimant

must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In cases where a claimant's benefits are discontinued, the claimant is entitled to a presumption of continuing disability, which requires that Commissioner to produce rebuttal evidence. <u>Patti v. Schweiker</u>, 699 F.2d 582, 586-587 (9th Cir. 1982). The claimant still has the ultimate burden of persuasion to show entitlement to disability benefits. <u>Tidwell v. Apfel</u>, 161 F.3d 599, 601 (9th Cir. 1998). The Commissioner has established an eight-step sequential process for determining whether a person's disability has ended. 20 C.F.R. § 404.1594(f)(1)-(8).

At the first step, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since January 1, 2001. At step two, the ALJ found that the Plaintiff's impairments no longer met or equaled any listing. At step three, the ALJ found that the Plaintiff's condition improved. At step four, the ALJ found that plaintiff's medical improvement was related to her ability to perform work Tr. 25. At step five, the ALJ found that Plaintiff's case did not meet any of the special exceptions to medical improvement for determining that disability has ceased, based on the determination that her medical improvement was related to her ability to work. Tr. 31. At step six, the ALJ found that Plaintiff had the following severe impairments: an adjustment disorder, psychological factors affecting a physical condition, a mixed personality disorder, malingering, and a substance abuse disorder. Tr. 25. At step seven, the ALJ found that Plaintiff could perform her past relevant work. Tr. 26 In the alternative, at step eight, the ALJ found that Plaintiff could perform other work in the national economy, and, therefore, she was not disabled. Tr. 26.

**DISCUSSION**

Plaintiff contends that the ALJ: 1) improperly rejected the opinion of her treating psychologist Rodger Bufford; 2) the ALJ improperly found that Plaintiff's obesity was not a severe impairment; 3) the ALJ failed to properly reject Plaintiff's specific complaints; and 4) the ALJ improperly evaluated the combined effects of Plaintiff's physical and mental impairments in determining whether her condition equaled a listing.

**I.    PLAINTIFF'S TREATING PSYCHOLOGIST**

Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for rejecting the opinion of Plaintiff's treating psychologist Rodger Bufford. Ph.D.. Dr. Bufford opined that Plaintiff could not work due to extreme and uncontrollable anger, depression, and anxiety. Tr. 554. Plaintiff argues that, if credited, Dr. Bufford's opinion establishes that Plaintiff cannot work and that she is entitled to reinstatement of her benefits.

The ALJ is responsible for resolving conflicts and ambiguities in medical evidence. See Batson v. Commissioner of SSA, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting the uncontradicted opinion of a claimant's treating physician. See Morgan v. Commissioner of SSA, 169 F.3d 595, 600 (9th Cir. 1999). If a treating physician's opinion is contradicted by another doctor, the ALJ may reject it by providing specific, legitimate reasons supported by substantial evidence in the record. Id. at 600-601. The opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. Id. at 600.

The ALJ is not bound by a physician's opinion on the ultimate issue of disability. Id. at 600; See Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). This issue is reserved to the ALJ. See 20 C.F.R. § 404.1527(e); SSR 96-5p at *2.

In this case, Dr. Bufford's opinion was contradicted by the opinions of other physicians. Therefore, the ALJ was required to provide specific, legitimate reasons for discounting Dr. Bufford's opinion.

The ALJ discounted Dr. Bufford's opinion of plaintiff's functional capacity and inability to work based on the lack of objective evidence for his opinions. Tr. 27-28. The ALJ may properly reject conclusions that are not supported by clinical findings or other objective evidence. See Batson, 359 F.3d at 1195. Dr. Bufford did not conduct or review any psychological testing. Tr. 27, 553. Dr. Bufford was unable to determine whether Plaintiff's diagnosis should be malingering or conversion disorder. Tr. 553.

The ALJ also rejected Dr. Bufford's opinion as to it was based on Plaintiff's self-reporting. Tr. 27, 540-541, 556-566. This was a proper basis for discounting Dr. Bufford's opinion. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ discounted Dr. Bufford's opinion, because Dr. Bufford was advocating for Plaintiff without the benefit of objective evidence. Tr. 28. This was a proper basis to discount this opinion. Flaten v. Secretary of HHS, 44 F.3d 1453, 1463 (9th Cir. 1995).

The ALJ found that Dr. Bufford's opinion regarding Plaintiff's inability to control her anger was inconsistent with his treatment notes which indicated that Plaintiff could control her anger. Tr. 27, 564, 558, 557. This is a proper basis for discounting his opinion. See Nguyen v. Chater, 100 F.3d 1462, 1463-1464 (9th Cir. 1996).

The ALJ's evaluation is supported by the opinions of the State Agency physicians who found that Plaintiff had only mild to moderate limitations. Tr. 29, 476, 479, 486, 494-495. These opinions are supported by the record and were not contradicted by the record.

The ALJ gave specific, legitimate reasons supported by substantial evidence for rejecting the opinion of Dr. Bufford.

## II. PLAINTIFF'S OBESITY AND COMBINED IMPAIRMENTS

Plaintiff contends that the ALJ improperly found that Plaintiff's obesity was not a severe impairment, and failed to consider her obesity in combination with her depression and other impairments. Plaintiff argues that ALJ's failure requires the court to remand the decision for proper evaluation.

Plaintiff also contends that ALJ failed to consider Plaintiff's multiple impairments in combination with her obesity, her limited vision, and her poor stress tolerance. Plaintiff argues that ALJ's failure constitutes legal error, and the court should remand the case for further proceedings to determine if Plaintiff's combination of impairments meets the Listing of Impairments.

Plaintiff has the burden of establishing that her impairment is severe. Gallant v. Heckler, 753 F.2d 1450, 1452 99th Cir. 1984). An impairment is severe when it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). The fact that a claimant has been diagnosed with a condition, by itself, does not establish that the impairment is severe. Young v. Sullivan, 911 F.2d 180, 183-184 (9th Cir. 1990). Plaintiff also has the burden of establishing all the requisite medical findings to show that the claimant meets or equals a listing. See Bowen v. Yuckert, 482 U.S. 137, 146 & n. 5 (1987).

Plaintiff has not established by medical evidence that her obesity was severe. There is substantial evidence to support the ALJ's finding that this impairment was not severe. Tr. 25-26. There is no evidence that Plaintiff's obesity exacerbated her other conditions. Plaintiff did not present evidence that her obesity limited her functioning or her ability to work. The ALJ properly found that Plaintiff's obesity caused no functional limitations. See Burch v. Barnhart, 400 F.3d 676, 682-683 (9th Cir. 2005).

The ALJ properly found that Plaintiff's conditions did not meet or equal any listing. There is medical evidence in the record to support the ALJ's finding. Tr. 476, 498. Plaintiff did not present any evidence to demonstrate that her obesity in combination with any of her other impairments or any combination of her impairments met or equaled any listing. See Burch, 400 F.3d at 682-683.

### III. CREDIBILITY DETERMINATION

Plaintiff contends the ALJ failed to consider Plaintiff's specific complaints. Plaintiff argues this error requires reversal of the ALJ's decision.

The ALJ may discredit a claimant's testimony regarding the severity of symptoms by providing clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). In assessing a claimant's credibility, the ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning symptoms, and other testimony by the clamant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and side effects of any medication; and (8) treatment other than medication. See

Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may also use first-hand observations as one factor among several in the general credibility evaluation. See Morgan v. Commissioner of SSA, 169 F.3d 595, 599-600 (9th Cir. 1999). A diagnosis of malingering, by itself, warrants discrediting a claimant's testimony. See Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003).

The ALJ found that Plaintiff's allegations concerning disability, based on her impairments and restrictions, were not entirely credible. Tr. 26-29. The ALJ found that Plaintiff's complaints regarding her eyesight lacked credibility, based on an examination by William Shults, M..D., a neuro-opthalmologist. Tr. 467-470. After an examination, Dr. Shults concluded that Plaintiff was malingering. Tr. 469-470. In discounting Plaintiff's credibility, the ALJ also relied upon the report of David deVidal, Ph.D., who found that Plaintiff's claimed limitations were not supported by his observations. Tr. 26-27, 460, 464.

The ALJ relied upon his own observations of Plaintiff's behavior at the hearing. Tr. 29. The ALJ may properly rely upon the claimant's demeanor at the hearing as one factor in determining credibility. Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002).

The ALJ found that Plaintiff's medical records of her counseling sessions over an eight year period did not reflect documentation of anxiety attacks as described by Plaintiff. Tr. 29. The ALJ found that Plaintiff's handwriting was neat and precise, which did not support her claim of poor vision. Tr. 28, 302-303, 382-396.

There is substantial evidence in the record to support the ALJ's credibility assessment. The ALJ's reasons for concluding Plaintiff was less than fully credible are both clear and convincing.

**RECOMMENDATION**

Based on the foregoing, the ALJ's determination was based on proper legal standards and supported by substantial evidence. The Commissioner's final decision should be affirmed and final judgment should be entered pursuant to sentence four of 42 USC § 405(g) dismissing this case with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___8___ day of August, 2005.

_____/s/_____
John P. Cooney
United States Magistrate Judge